IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC VREELAND,

    Plaintiff,

v.                                                                         Case No. 15-cv-0993 LAM/SMV

FIRST SAVINGS BANK, and
ALFREDO PEREA,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER

**THIS MATTER** is before the Court on *Plaintiff's Application for Default Against Defendant First Savings Bank and Alternative Motion and Supporting Memorandum to Strike Answer or, Alternatively, to Deem Allegations Admitted (Doc. 9)*, filed December 28, 2015. Defendant First Savings Bank (hereinafter "FSB") filed a response to the motion on January 8, 2016 [*Doc. 12*], and Plaintiff filed a reply on January 15, 2016 [*Doc. 13*]. The Court has been informed by the Clerk's office that Plaintiff and FSB have each consented to the undersigned to conduct dispositive proceedings in this matter (*see Docs. 7* and *11*), so this case is not subject to reassignment and, therefore, this motion is properly before the undersigned]. Having considered the motion, response, reply, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and shall be **DENIED**.

In his motion, Plaintiff contends that FSB's Answer [*Doc. 6*] fails to comply with Fed. R. Civ. P. 8(b), and asks the Court to either strake the entire Answer, or, in the alternative,

strike specific paragraphs and deem admitted the corresponding allegations. [*Doc. 9* at 4-16].[1] Plaintiff contends that FSB's Answer is willfully noncompliant with Rule 8(b)(5) because, with regard to many of FSB's answers to Plaintiff's allegations, FSB does not plead *both* lack of knowledge *and* lack of information and includes the words "and therefore denies the same." *Id.* at 6-9. Plaintiff further contends that several of FSB's answers are noncompliant because FSB does not limit them to either an admission, denial, or a disclaimer of sufficient information and knowledge to form a belief as to the veracity of the allegation. *Id.* at 9-13. For relief, Plaintiff asks the Court to either strike the entire Answer, or to strike the nonconforming responses contained in the Answer and deem the corresponding allegations in the Complaint admitted. *Id.* at 14-16.

In response, FSB contends that its Answer complies with Rule 8. FSB notes that the general denial included in its Answer, pursuant to Rule 8(b)(3), renders moot any deficiency in FSB's responses because it clarifies that every allegation is denied unless it is expressly admitted. [*Doc. 12* at 6-8]. FSB further contends that its Answer complies with Rule 8(b)(5) because it is not required to state that it lacks *both* knowledge *and* information, and because adding the language "and therefore denies same" does not render the response improper. *Id.* at 9-10. FSB explains that its inclusion of additional information or statements in response to several allegations was done to provide accurate responses to allegations where only a portion of the allegation was accurate, but not the entire allegation. *Id.* at 11-12. FSB contends that, to the

---

[1] Plaintiff initially also contended that FSB improperly served its Answer electronically via the Court's CM/ECF system without Plaintiff's written consent, and Plaintiff asked the Clerk of the Court to enter default judgment against FSB for this alleged deficiency. *See* [*Doc. 9* at 1-3]. In his reply, Plaintiff acknowledges that Plaintiff has consented to service electronically via the CM/ECF system by registering for an attorney account to use the system and, therefore, Plaintiff states that it no longer seeks entry of default judgment against FSB for this reason. [*Doc. 13* at 1, n.1]. To avoid this type of mistake in the future, the Court instructs counsel for Plaintiff to carefully review the Court's Local Rules, and to pay particular attention to Local Rule 5.1, which explains that "[e]lectronic filing is mandatory, except as otherwise specified in Federal rules, these rules, or Court order," that "[e]lectronic filing constitutes service for purposes of Fed. R. Civ. P. 5," and that "[e]lectronic service is complete on transmission and is the equivalent of service by mail in accordance with Fed. R. Civ. P. 5(b), 5(d), and 77(d)."

extent the Court finds that any of its responses are non-compliant, allowing FSB to amend its Answer would be more appropriate than deeming those allegations admitted. *Id.* at 13-14.

In reply, Plaintiff contends that FSB's general denial is not compliant with Rule 8(b)(3) because Plaintiff "is left with a confounding answer which impedes his ability to engage in meaningful discovery." [*Doc. 13* at 2]. Plaintiff contends that FSB should not have both stated a general denial and included many express denials within its specific responses. *Id.* at 2-3. Plaintiff contends that, with regard to FSB's responses that state only that FSB lacks knowledge, but does not state that it lacks information, Plaintiff is left to wonder whether FSB has information that would have allowed it to admit or deny those allegations. *Id.* at 4. Plaintiff contends that "it would be unfair to force [Plaintiff] to uncover that information through discovery." *Id.*

Federal Rule of Civil Procedure 8 requires a defendant to "admit or deny the allegations asserted against it by an opposing party" (Rule 8(b)(1)(B)), to "admit the part that is true and deny the rest" (Rule 8(b)(4)), or to state that the defendant "lacks knowledge or information sufficient to form a belief about the truth of an allegation" (Rule 8(b)(5)). The rule further allows a party to "generally deny all [allegations] except those specifically admitted." Fed. R. Civ. P. 8(b)(3). Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "such motions are not favored and, generally, should be denied." *See Northern New Mexicans Protecting Land Water and Rights v. United States, et al.*, No. Civ. 15-559 JB/LF, 2015 WL 8329509, *6 (D.N.M. Dec. 4, 2015) (unpublished) (citations omitted).

The Court finds that FSB's responses in its Answer to Plaintiff's allegations are proper under Rule 8. First, FSB's general denial stating that it "denies each and every allegation in said

Complaint unless expressly admitted herein" is compliant with Rule 8(b)(3).  As the Court explained in both *Lane v. Page, et al.*, No. Civ. 06-1071 JB/ACT, 272 F.R.D. 581, 603 (D.N.M. 2011) and *Northern*, 2015 WL 8329509, *11, a defendant's general denial is sufficient to deny all allegations that are not specifically admitted.  FSB's general denial alerted Plaintiff that any allegation not specifically admitted is denied, and, thus, FSB complied with Rule 8.  Furthermore, the fact that FSB also responded to each allegation does not negate the effect of the general denial.  *See Northern*, 2015 WL 8329509, *11 ("[E]ven if the Defendants' specific responses were insufficient, a defendant's 'boilerplate' general denial is sufficient to deny all of the allegations. . . . Here, not only do the Defendants specifically respond to each allegation, but they also include a general denial in accordance with [R]ule 8(b)(3).") (citing *Lane*, 272 F.R.D. at 602).

Next, the Court finds that Plaintiff's contention that FSB's responses are deficient because they only state a lack of knowledge, instead of lack of both knowledge *and* information, is without merit.  Rule 8(b)(5) specifically allows for a party to state that they lack knowledge *or* information -- and Plaintiff cites to no authority that is binding on this Court that holds otherwise.  As explained by Judge Browning in *Northern*, No. Civ. 15-559 JB/LF [*Doc. 27* at 22], to the extent FSB possessed information that would enable it to respond, it must do so pursuant to Rule 11, and must similarly conduct a reasonable inquiry.  If FSB either possessed information or failed to conduct a reasonable inquiry that would have allowed it to either admit or deny the allegations, then FSB has failed to satisfy Rule 11's requirements.  *See* Fed. R. Civ. P. 11(b)(4) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the

4

denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."); *see also Northern*, [*Doc. 27* at 22] (explaining that the defendants "are not required to conduct exhaustive investigations and discovery. . . in responding to [the plaintiff's] Complaint"). No such allegation is made by Plaintiff and, instead, Plaintiff merely speculates whether FSB *might* have information that would have allowed it to admit or deny the allegations.

Similarly, the Court finds that Plaintiff's contention that some of FSB's responses should be stricken because they include the statement that FSB "therefore denies the same" is without merit. Again, Plaintiff fails to provide any support for this contention by any authority that is binding on this Court. While the statement may arguably be redundant given FSB's general denial, the Court finds that any such redundancy is insignificant.

Finally, the Court rejects Plaintiff's contention that FSB's responses that are not limited to either an admission, denial, or a disclaimer of sufficient information or knowledge should be stricken. Rule 8(b)(2) requires a party to "fairly respond to the substance of the allegation" when denying an allegation, and Rule 8(b)(4) requires a party to admit the part of an allegation that is true and deny the rest. The Court finds that FSB's responses reasonably comply with these rules, and that FSB has properly responded to the substance of Plaintiff's allegations and explained adequately which allegations are admitted and which ones are denied. To the extent there is any confusion with regard to FSB's responses, FSB's general denial, again, provides that any allegation not specifically admitted is denied.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that *Plaintiff's Application for Default Against Defendant First Savings Bank and Alternative Motion and*

*Supporting Memorandum to Strike Answer or, Alternatively, to Deem Allegations Admitted (Doc. 9)* is **DENIED**.

    **IT IS SO ORDERED.**

                                                 _____
                                               **LOURDES A. MARTÍNEZ**
                                               **UNITED STATES MAGISTRATE JUDGE**